MARY T. O'BRIEN vs. WALTER F. FITZPATRICK, C. T.

DECEMBER 31, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is an action of trespass on the case for negligence. It was tried before a justice of the superior court sitting with a jury, who, at the conclusion of the plaintiff's testimony, granted the defendant's motion for a nonsuit. The case is now before this court solely on the plaintiff's exception to the granting of this motion.

The accident happened in the city of Providence shortly after midnight of November 14, 1934, on a strip of land some twenty-five feet wide, known as Briggs street, to the east of Eddy street, a main public highway running approximately north and south. Briggs street, so-called, is an offset some-

what to the north of Briggs street proper, a public highway about forty feet wide, which runs into but does not cross Eddy street from the west. For convenience only, we will refer hereafter to the place of the accident as Briggs street, and to the public highway on the west of Eddy street as Briggs street proper.

It appears in evidence that the land of Briggs street was conveyed to the city of Providence for highway purposes by a duly executed and recorded deed of March 28, 1895; that this land was first called Briggs street on a recorded plat of the estate of Elizabeth C. Richardson "surveyed and drawn by Philip C. Sheldon, commissioner appointed by the superior court, December 20, 1909"; and that the city of Providence had no connection with those proceedings or with the drawing and recording of the plat. The evidence further shows that at the time of the accident the easterly curb of Eddy street, at the entrance of Briggs street, was cut and indented; that on the northerly side of Briggs street there was a high wooden fence, running easterly for some distance; and that, on its southerly side, there were five or six houses and one or two poles for service wires. It was stipulated by the parties that the city of Providence made no repairs on Briggs street at any time after the land was conveyed to the city by the deed of 1895.

A police officer, who was called as a witness by the plaintiff, testified that at the time of the accident Briggs street was ungraded, hilly and with a dirt or sandy surface; that the numbers on the houses began on this portion of the street and continued in a westerly direction across Eddy street along Briggs street proper, which was curbed and macadamized; and that during his four years of service in that locality, Briggs street was "mostly used by the people living on the street", although he had noticed others using it also.

The plaintiff testified that on the night in question, which was "very frosty", she, with her sister and two other women in the rear seat of the automobile, was driving easterly on Briggs street proper towards Eddy street; that she crossed

Eddy street and went "between eighteen and twenty-five feet" into Briggs street at slow speed when "the car pulled and turned around . . . and shot clean to the left", striking another automobile that was standing without lights close to the wooden fence on the northerly side of that street. She attributed the loss of control of her automobile to a rut, about eight inches deep, that "zig-zagged" for some indefinite distance across the street and which she did not see until after the accident. When asked to describe the character of Briggs street at the place of the accident, she testified that it was "rutty and rocks as though the earth had been washed away. . . . The condition of the street looks as though the gravel had just been washed out by rains and storms."

The only other witness for the plaintiff was her sister, who, in answer to questions concerning the accident, testified as follows: "Well, it just seemed we struck something at the left side and she struck a machine that was parked there. . . . There seemed to be a kind of hollow there somewhere. . . . Well, she just struck something. She turned to me and said 'Kitty, I am hurt.' " This is substantially all her testimony respecting the condition of Briggs street.

The plaintiff rests her case squarely and solely on the theory of a nuisance. She concedes that Briggs street was never accepted by the city of Providence as a public highway in accordance with the common law or with the provisions of general laws 1923, chapter 95, sec. 25. The question of whether Briggs street is a public highway by dedication is therefore not before us.

The plaintiff's contention in this case, briefly stated, is that the deed of 1895 conveyed the fee in the land of Briggs street to the city of Providence; that, as the owner in fee of that land, the city was under a duty to maintain Briggs street in a reasonably safe condition for travel by an invitee having occasion to use that way; that the city, disregarding this duty, permitted Briggs street to become and remain in such a state of disrepair as to constitute a nuisance; and that

the city, by cutting and indenting the easterly curb of Eddy street at Briggs street expressly or impliedly invited the plaintiff as one of the public to use Briggs street to her special injury.

It is not necessary for us to consider the legal merits of this ingenious contention, as the facts in evidence come far from proving that the city knowingly permitted a nuisance on Briggs street. Assuming for the purposes of this case only, it being clearly understood that hereafter this assumption is not to be construed as a holding, even by way of inference, that the fee in the land of Briggs street vested in the city of Providence under the deed of 1895, and bearing in mind that when the city left an opening in the curbing on the east side of Eddy street at the entrance to Briggs street it left conditions there unchanged, we are of the opinion that there was no evidence of a continuing nuisance, by reason of which the city reasonably could be held liable for injuries to the plaintiff resulting therefrom. This is especially so since there is no evidence that the city had any knowledge of the particular condition about which she complains or that it existed for any length of time from which notice could be inferred. Some ruts, stones and sand, as here, are not unusual in an unimproved street, and it is clear to us that without more they do not constitute an actionable nuisance.

The city was under no duty, by reason of the deed to it, to keep Briggs street in repair and there is no evidence that it ever assumed that duty. All the evidence indicates that the conditions of which the plaintiff complains were all from natural causes, for which the city was in no way responsible, and did not constitute a nuisance. Under these conditions, when the plaintiff chose to use as a highway this obviously unrepaired strip of land, now known as Briggs street, she did so at her own risk. We, therefore, find no error in the decision of the trial court granting the defendant's motion for a nonsuit.

The plaintiff's exception is overruled and the case is remitted to the superior court for the entry of judgment on the nonsuit.

*Thomas L. Carty,* for plaintiff.

*Daniel E. Geary,* City Solicitor, *John T. Walsh,* Assistant City Solicitor, for defendant.